(45 Misc. Rep. 259.)

## MEE v. GORDON et al.

(Supreme Court, Special Term, New York County. November, 1904.)

1. WILL—CONSTRUCTION—NATURE OF ESTATE.

Testator devised his estate to be divided between his sister, his brother, his nephew, and his niece, share and share alike, and directed that the share due to his brother should be invested for his benefit during his life, and for the benefit of his wife and his issue after his death. *Held*, that the brother took a life interest in one-fourth of the estate, which vested absolutely on his death in his wife and issue.

Action by Herbert Mee against Henry W. Gordon and others. Judgment for plaintiff.

Gerard Roberts, for plaintiff.

Appell & Taylor, for defendants.

BLANCHARD, J. This is an action for the partition of real estate, and the issue tried involves the construction of the will under which the plaintiff claims a share in the property of which partition is sought. The contention arises in respect to the following clause of the will:

"In the event of my husband or self dying at one and the same time or within a short period of each other, I give, devise and bequeath my estate to

be equally divided between my sister, Elizabeth Illensworth, my brother, John B. Mee, my nephew, William P. Illensworth, and my niece, Florence C. Illensworth, share and share alike. I hereby direct that the share due to my brother, John B. Mee, be invested by my executors for his benefit during his natural life and for the benefit of his wife and his issue after his death."

It is strenuously urged that the provisions of this clause relating to the investment of the share of John B. Mee during his life for his benefit and for the benefit of his wife and issue after his death are obscure, and of doubtful meaning. This contention seems to me to be absolutely without foundation. The testamentary intention expressed in the clause under consideration seems to be as clear as language could make it. The testatrix therein divides her estate into four equal parts. Three of these parts she devises and bequeaths absolutely. The fourth share she devises and bequeaths to her brother, John B. Mee, and directs that it shall be invested for his benefit during his life, and that his wife and issue shall have the benefit of such share upon his decease. John B. Mee therefore had a life estate in this share, and upon his death it vested absolutely in his wife and issue. Judgment for the plaintiff.

Judgment for plaintiff.